UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TRUC NGUYEN, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>ALEJANDRO MAYORKAS, et al.[1],<br><br>   Defendants. | Case No. 20-cv-00976-VKD<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 15 |

Plaintiff Truc Nguyen is a United States citizen who filed, but subsequently withdrew, a Form I-130 petition to have plaintiff Tuan Vo, a citizen of Vietnam, classified as her spouse. She later attempted (unsuccessfully) to retract the withdrawal. In view of the withdrawal, Mr. Vo's then-pending I-485 application for lawful permanent resident status was denied. Claiming that Ms. Nguyen's withdrawal of the I-130 petition was coerced by an immigration officer and made under duress, plaintiffs filed this action challenging a decision by the U.S. Citizenship and Immigration Service ("USCIS") in which USCIS acknowledged Ms. Nguyen's withdrawal of her I-130 petition and stated that such withdrawals cannot be retracted.

Defendants move for summary judgment. Plaintiffs oppose the motion. Upon

---

[1] Pursuant to Rule 25(d), the following office holders are automatically substituted in place of certain defendants named at the outset of this action: Alejandro Mayorkas is substituted for Chad Wolf as of February 2, 2021; Merrick Garland is substituted for William Barr as of March 11, 2021; Tracy Renaud is substituted for Kenneth Cuccinelli as of January 20, 2021. *See* https://www.dhs.gov/person/alejandro-mayorkas (last accessed Mar. 22, 2021); https://www.justice.gov/ag/staff-profile/meet-attorney-general (last visited Mar. 22, 2021); https://www.uscis.gov/about-us/organization/leadership/tracy-renaud-senior-official-performing-the-duties-of-the-director-us-citizenship-and-immigration (last visited Mar. 22, 2021).

consideration of the moving and responding papers, as well as the arguments presented at oral argument, the Court grants defendants' motion for summary judgment.[2]

## I.  BACKGROUND

A U.S. citizen may file a Form I-130 petition to establish the existence of a relationship to certain non-citizen relatives, such as a spouse, who wish to immigrate to the United States. *See* 8 U.S.C. § 1154(a)(1)(A)(i). USCIS investigates the matters presented in the I-130 petition. *See id*. § 1154(b); *see also* 8 C.F.R. § 204.2. If the I-130 petition is approved, the non-citizen relative receives a visa once one becomes available and may seek lawful permanent residence by filing a Form I-485 application, also known as a "green card." To be eligible for adjustment of immigration status based on a family relationship to a U.S. citizen, an I-485 applicant must have an approved I-130 petition on file. *See* 8 U.S.C. §§ 1154(a)(1)(A)(i), (b), 1255(a); 8 C.F.R. §§ 204.1, 204.2.

An I-130 petitioner may withdraw the petition at any time, but a withdrawal cannot be retracted or appealed. *See* 8 C.F.R. §§ 103.2(b)(6), (15). If the petitioner later files a new I-130 petition on behalf of the same non-citizen beneficiary, "[w]ithdrawal or denial due to abandonment shall not itself affect the new proceeding; but the facts and circumstances surrounding the prior benefit request shall otherwise be material to the new benefit request." *Id*. § 103.2(b)(15).

Ms. Nguyen and Mr. Vo were married on October 6, 2016. Dkt. No. 8 ¶¶ 1, 46; AR[3] 44, 46. On November 1, 2016, Ms. Nguyen filed with USCIS an I-130 petition, seeking to have Mr. Vo classified as her spouse, *see* 8 U.S.C. § 1154, and Mr. Vo concurrently filed a Form I-485 application, seeking to adjust his immigration status to a lawful permanent resident based on his marriage to Ms. Nguyen, *see* 8 U.S.C. § 1255. Dkt. No. 8 ¶¶ 3, 46; AR 349-50, 450-55.

On April 18, 2017, an immigration officer conducted an initial interview with plaintiffs concerning their pending applications. Dkt. No. 8 ¶ 3. USCIS then provided a notice to plaintiffs

---

[2] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 7, 12.

[3] "AR" refers to the administrative record lodged with the Court. Dkt. No. 16.

1  advising that their case was being held for review. AR 529. A USCIS interoffice memorandum
2  noted the need for a further interview based on factors including "[f]inancial status of petitioner
3  (under or unemployed)"; "[l]ittle interaction between petitioner [Ms. Nguyen] and beneficiary
4  [Mr. Vo]"; "[l]ack of joint documents (non I-130 Form types)"; "[b]eneficiary or petitioner was
5  very nervous/over-excited during interview"; "[m]arriage and divorce history not typical"; "[l]ack
6  of family involvement in marriage"; "[p]ictures look staged or otherwise not credible"; "[r]apid
7  sequence of events"; and "[o]ther: [a]dditional misrep/fraud flags." AR 526. Additional notes
8  indicate that Mr. Vo was under investigation for possible criminal activity in Vietnam, and that he
9  had previously been married twice, with his most recent marriage ending on September 26, 2016,
10 and his marriage to Ms. Nguyen occurring less than two weeks later. AR 527.

11     On April 10, 2018, plaintiffs appeared for a second interview, which was videotaped. AR
12 524-25, 536. Plaintiffs were separately interviewed under oath. During Ms. Nguyen's interview,
13 after asking some questions about her marriage to Mr. Vo, the interviewing officer gave Ms.
14 Nguyen a document identifying the consequences of lying. After reviewing the document, Ms.
15 Nguyen told the officer that she had agreed to marry Mr. Vo to help him with a green card; that
16 Mr. Vo had offered to pay $30,000 to marry him; and that she did not live with Mr. Vo and did not
17 know where he lived. AR 518-519, 536. Ms. Nguyen further confirmed that she voluntarily
18 provided the information given during her interview. AR 519, 536. The officer presented Ms.
19 Nguyen with a form withdrawing her I-130 petition, which the officer told Ms. Nguyen she could
20 decide to sign or not. AR 536. Ms. Nguyen reviewed the withdrawal form and signed it. *Id.* In
21 relevant part, the withdrawal form states:

22 > I now wish this Alien Relative Petition, **Form I-130**, be withdrawn and waive any right to appeal I may have in this matter.
23
24 > REASON FOR WITHDRAWING Alien Relative Petition, Form I-130: I did it to help [Mr. Vo] stay here and get the green card.

25 AR 517. After signing the withdrawal form, Ms. Nguyen told the officer that Mr. Vo had driven
26 them both to the interview that day, and she asked for the officer's help in arranging for a taxi to
27 take her home separately. The officer did so, and Ms. Nguyen left. AR 536.

28     Two weeks later, on April 24, 2018 counsel appeared for plaintiffs and advised USCIS in a

United States District Court
Northern District of California

letter that Ms. Nguyen "would like to promptly recant her statements whether it was oral or written made during the April 10, 2018 interview as it was made under duress and not under her free will." AR 22. In particular, the letter stated that Ms. Nguyen "asserted that her marriage is bona fide and any reference or admission regarding shame [sic] marriage or money exchange for green card were made under duress and undue influence." *Id*. The letter requested that USCIS "continue to adjudicate [Ms. Nguyen's] I-130 for the benefit of her husband." *Id*.

To that end, the letter appended several documents, including a declaration from Ms. Nguyen "retract[ing] [her] statements made during [Mr. Vo's] adjustment of status interview on April 10, 2018." AR 25. Ms. Nguyen further stated that at the time of the April 10, 2018 interview, she was "undergoing a lot of stress due to work and home life" and felt that the immigration officer had used coercive tactics during the interview designed to confuse Ms. Nguyen into withdrawing her I-130 petition. AR 22-23, 25-28. The letter also included declarations from Ms. Nguyen's family and a friend, describing Ms. Nguyen as someone who is "sensitive emotionally" and "has a temper," while Mr. Vo is "always calm" and treats Ms. Nguyen well. AR 31, 35, 38. On June 20, 2018, plaintiffs' counsel submitted to USCIS a treatment summary from Diane Ngoc Nguyen, LMFT, Ms. Nguyen's therapist, who stated that she began treating Ms. .Nguyen on April 23, 2018 and noted Ms. Nguyen's distressed mental state during the April 10, 2018 interview. AR 14-17.

On February 7, 2020, plaintiffs filed the present lawsuit, claiming undue delay in the adjudication of Ms. Nguyen's I-130 petition and Mr. Vo's I-485 application. Dkt. No. 1.

On April 2, 2020, USCIS issued its decision acknowledging Ms. Nguyen's withdrawal of her I-130 petition. AR 1-2. With respect to Ms. Nguyen's claims of coercion and duress, the decision noted that upon review of the record, USCIS concluded that Ms. Nguyen's allegations were not supported:

> On April 25, 2018, you submitted a declaration to recant your testimony and to retract your withdrawal. You claimed that your April 10, 2018 testimony and withdrawal were made under duress and that you were suffering from mental health issues that day. While the allegation of duress is severe, a review of the audio-visual recording of your interview did not show that you were under duress or that the officer coerced you. You provided your testimony

4

> unprompted and voluntarily, were given an opportunity to review your testimony prior to signing your sworn statement, you did not make any objections to your provided testimony at any point during the interview despite ample opportunity, and the officer also provided you an opportunity to add to your statement, to which you declined. Your allegation of duress is not supported by the record.

AR 1. As for Ms. Nguyen's claims of emotional distress, USCIS considered, but ultimately discounted, her therapist's note, stating that "the treatment summary was otherwise silent as to the quality of your testimony and your ability to provide testimony on April 10, 2018, and is therefore of limited weight. You have not shown that your testimony on April 10, 2018 is unreliable." AR 2.

Accordingly, USCIS acknowledged Ms. Nguyen's withdrawal of her I-130 petition, effective as of April 2, 2020, stating that "[a] withdrawal may not be retracted, appealed, or motioned. Title 8, Code of Federal Regulations (8 CFR) 103.2(b)(6) and 8 CFR 103.2(b)(15). This withdrawal terminates any further action on this petition." *Id*. USCIS noted, however, that "[t]his decision does not prevent you from filing any petition or application in the future." *Id*.

On April 2, 2020 USCIS also issued a decision denying Mr. Vo's I-485 application, stating in relevant part:

> USCIS records establish that on April 10, 2018, the petitioner withdrew the visa petition filed on your behalf. You have provided no evidence to indicate you are immediately entitled to an immigrant visa on any other basis. Therefore, you are not qualified to adjust status, and USCIS denies your Form I-485. See INA 245(a)(3).

AR 445.

Plaintiffs then filed the operative amended complaint in this Court, alleging that Ms. Nguyen's April 10, 2018 withdrawal of her I-130 petition was involuntary and made under duress. Dkt. No. 8. Pursuant to 28 U.S.C. § 1331 and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, Ms. Nguyen and Mr. Vo seek judicial review of USCIS's decision acknowledging the withdrawal of the I-130 petition. The amended complaint asserts three claims for relief, contending that USCIS's decision acknowledging Ms. Nguyen's withdrawal of her I-130 petition (1) is arbitrary, capricious and not supported by substantial evidence; (2) violates Fifth Amendment procedural due process rights; and (3) constitutes an unlawful agency action. Dkt. No. 8 ¶¶ 69-101. In addition to their attorney's fees and costs and a judicial declaration that

USCIS's decision acknowledging Ms. Nguyen's withdrawal of her I-130 petition is arbitrary and capricious, plaintiffs seek an order compelling defendants to "rescind the I-130 and I-485 decisions against [Ms. Nguyen] and [Mr. Vo]" and "re-adjudicate [Ms. Nguyen]'s I-130 petition and [Mr. Vo]'s I-485 application" within 30 days from the date of the Court's order. *Id.* at 21-22.

Defendants now move for summary judgment on all claims for relief. For the reasons discussed below, the Court grants defendants' motion.

## II.    LEGAL STANDARD

The APA allows for judicial review of an agency action and provides that the reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . ." 5 U.S.C. § 706(2)(A). While the reviewing court "must conduct a searching and careful inquiry into the facts," the standard of review "is a narrow one," and "a court is not empowered by section 706(2)(A) to substitute its judgment for that of the agency." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agriculture*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citing *Motor Vehicles Mfrs. Ass'n v. State Farm Mutual Ins. Co.*, 463 U.S. 29, 43 (1983)).

In reviewing an agency's decision, a court considers whether there was a clear error of judgment and whether the decision was based on relevant factors. *Nw. Motorcycle Ass'n*, 18 F.3d at 1471. "In order for an agency decision to be upheld under the arbitrary and capricious standard, a court must find that evidence before the agency provided a rational and ample basis for its decision." *Id*. All that is required is a rational connection between the facts found and the conclusions made by the agency. *Friends of Santa Clara River v. U.S. Army Corps of Engineers*, 887 F.3d 906, 920 (9th Cir. 2018). Accordingly, an agency's decision will not be vacated unless the agency relied on factors Congress did not intend for the agency to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that is counter to the evidence presented, or provided an explanation that is so implausible that it cannot be ascribed to a difference in viewpoints or as the product of the agency's expertise. *Id*. at 921.

Although courts routinely resolve APA challenges to an agency's administrative decision by summary judgment, courts do not follow the traditional analysis to determine whether a

genuine issue of material fact exists, because "there are no disputed facts that the district court must resolve." *Occidental Eng'g Co. v. I.N.S.*, 753 F.2d 766, 769 (9th Cir. 1985). Rather, "the function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *Id.* The court's review is limited to the administrative record, to which both sides have stipulated. *Nw. Motorcycle Ass'n*, 18 F.3d at 1472.

### III. DISCUSSION

On the present motion for summary judgment, the success of plaintiffs' claims turn on the resolution of three disputed issues: (1) whether USCIS failed to consider evidence of Ms. Nguyen's mental state at the time of the April 10, 2018 interview; (2) whether USCIS should have deemed Ms. Nguyen's I-130 petition to be abandoned, rather than withdrawn; and (3) whether USCIS violated plaintiffs' due process rights.

#### A.   Whether USCIS Failed to Consider Evidence re Ms. Nguyen's Mental State

Plaintiffs argue that USCIS's decision acknowledging Ms. Nguyen's withdrawal of her I-130 petition is arbitrary and capricious because the agency failed to consider Ms. Nguyen's evidence pertaining to her mental state at the time of the April 10, 2018 interview. Specifically, as argued in their papers, plaintiffs claim that USCIS failed to consider Ms. Nguyen's therapy treatment summary and "take into account the effects" of Ms. Nguyen's claimed mental health issues during that second interview. Dkt. No. 21 at 5. At oral argument, plaintiffs acknowledged that the agency did in fact consider the treatment summary, but they maintain that USCIS failed to provide a rational basis for discounting the significance of the treatment summary with respect to the reliability of Ms. Nguyen's statements during the April 10, 2018 interview. Here, Ms. Nguyen argues that her therapist is not qualified to provide a legal opinion regarding the reliability of Ms. Nguyen's April 10, 2018 statements, and that USCIS cannot discount her treatment summary on the ground that she offered no such opinion. Additionally, at the motion hearing, plaintiffs argued that USCIS failed to properly consider Ms. Nguyen's own declaration in support of her request to retract the withdrawal of her I-130 petition, as well as the declarations of her family members and friend.

7

As discussed above, USCIS's decision specifically discusses Ms. Nguyen's treatment summary, including the therapist's statement that Ms. Nguyen "had a trauma-triggering experience" during the April 10, 2018 interview that made her feel "helpless and hopeless." AR 2; *see also* AR 16. In addition to noting that the treatment summary indicates Ms. Nguyen began therapy only after the April 10, 2018 interview and withdrawal of her I-130 petition, USCIS determined that the summary was entitled to little weight because it does not comment on the quality of Ms. Nguyen's testimony given during the April 10, 2018 interview or her ability to provide testimony on that day. AR 2. That is a rational explanation supported by the record. Indeed, while the treatment summary states that Ms. Nguyen was experiencing certain mental health issues on the day of the second interview, Ms. Nguyen's therapist does not draw any connection between those mental health issues and what transpired at the interview, including what Ms. Nguyen said, how she behaved, or how she perceived or interacted with the interviewing officer. Nor does she state that Ms. Nguyen's mental condition at the time of the April 10, 2018 interview would have undermined the voluntariness of her statements or her ability to understand the officer's questions. *See* AR 16-17.

USCIS's decision also specifically discusses Ms. Nguyen's declaration and allegations that her "April 10, 2018 testimony and withdrawal were made under duress" and that she was "suffering from mental health issues that day." AR 1. The agency nonetheless found that her allegations of duress are not supported, explaining that USCIS reviewed the audio-visual recording of the April 10, 2018 interview and found no evidence of coercion. AR 2. Although Ms. Nguyen contends that there is no basis for USCIS to credit the recording of the interview over her subsequent declaration, the evidence before the agency provides a rational and ample basis for its determination. The audio-visual recording of the April 10, 2018 interview is a record of everything that occurred during the interview, including what Ms. Nguyen and the interviewing officer said and did, as well as Ms. Nguyen's demeanor. In her subsequent declaration purporting to retract her interview statements, Ms. Nguyen says that the interviewing officer informed her that she could face civil and criminal penalties and asked "misleading" questions, such as "Was it an arranged marriage, did [yo]u do this to help him get a green card?", "You married him to get

8

the green card?" and "How much has he given you?" AR 26-27. Ms. Nguyen further avers that through the officer's "tone, mannerism, and how she conducted herself," the officer "asserted her authority over me." AR 27. She also argues that the video of the interview "is rife with examples of Ms. Nguyen's state of mind." Dkt. No. 21 at 6 n.1. However, she does not specify any such example, and none of her other assertions are tied to any particular part of the recorded interview. Indeed, plaintiffs do not identify any specific portion of the recorded interview that they contend demonstrate the coercion or duress Ms. Nguyen says she experienced. And when given an opportunity to do so at the motion hearing, plaintiffs simply referred the Court to Ms. Nguyen's declaration. Having reviewed the entire record, including the recorded April 10, 2018 interview, the Court finds that the evidence provides a rational and ample basis for the agency's determination that the recording of the interview is more reliable than Ms. Nguyen's subsequent recantations and that the allegations of coercion and duress are not supported.

As for the declarations of Ms. Nguyen's family and friend (AR 31-42), USCIS's decision does not specifically discuss them; and, at oral argument, plaintiffs argued the agency erred in failing to consider them because plaintiffs contend those declarations show that Ms. Nguyen and Mr. Vo married in good faith. As noted above, those declarations also state that Ms. Nguyen is emotional and has a temper. The declarations, however, do not bear on the issue of whether Ms. Nguyen's April 10, 2018 testimony and withdrawal of her I-130 petition was coerced or was unreliable due to a mental health issue, which was the issue squarely before the agency.

In sum, there is no indication that USCIS relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise. Defendants are entitled to summary judgment on this issue.

### B. Whether USCIS Should Have Deemed Ms. Nguyen's I-130 Petition Abandoned, Rather than Withdrawn

Plaintiffs contend that USCIS should have deemed Ms. Nguyen's I-130 petition to be abandoned, rather than withdrawn, arguing that the failure to do so was an abuse of discretion.

Defendants contend that the particular circumstances of this case do not support a finding of abandonment, which can occur, for example, when a petitioner fails to respond to a request for evidence. *See generally* 8 C.F.R. § 103.2(b)(13)(i) ("If the petitioner or applicant fails to respond to a request for evidence or to a notice of intent to deny by the required date, the benefit request may be summarily denied as abandoned, denied based on the record, or denied for both reasons. If other requested material necessary to the processing and approval of a case, such as photographs, are not submitted by the required date, the application may be summarily denied as abandoned.").

Plaintiffs do not refute that argument, but nonetheless maintain that a finding that Ms. Nguyen abandoned her I-130 petition is preferable to withdrawal—and, in their view, a "more rational action"—because such a finding would have enabled Ms. Nguyen to reopen her petition, rather than file a new one. *See* Dkt. No. 21 at 6; *see also* 8 C.F.R. §§ 103.2(b)(15), 103.5. At the motion hearing, plaintiffs seemed to argue that they should not be made to bear the heavier burden that must be met on the filing of a new I-130 petition following a withdrawal. While a prior admission of marriage fraud made in conjunction with a withdrawal of an earlier I-130 petition can be overcome by new evidence, "the petitioner bears a heavy burden to establish the bona fides of the relationship." *Matter of Laureano*, 19 I & N. Dec. 1, at *3-4 (1983) (affirming denial of I-130 petition after an earlier petition was withdrawn and petitioner admitted that the earlier petition was based on a fraudulent marriage). But while plaintiffs might prefer a finding of abandonment rather than withdrawal, they have cited no authority for the proposition that USCIS was required to deem Ms. Nguyen's I-130 petition abandoned, rather than as withdrawn. Defendants are entitled to summary judgment on this issue.

### C. Whether USCIS Violated Plaintiffs' Due Process Rights

Third and finally, the parties dispute whether USCIS violated plaintiffs' Fifth Amendment due process rights because the agency's decision did not issue until nearly two years after Ms. Nguyen attempted to retract the withdrawal of her I-130 petition. Plaintiffs contend that their constitutional due process claim is governed by *Mathews v. Eldridge*, 424 U.S. 319 (1976). In *Mathews*, the Supreme Court explained that due process "is flexible and calls for such procedural protections as the particular situation demands." *Id*. at 334 (citation omitted). Thus, the

"identification of the specific dictates of due process generally requires" courts to consider three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id*. at 335.

The Court finds that the second factor is dipositive because plaintiffs have pointed to nothing in the administrative record or in the record of this case that suggests that additional procedural protections would have given rise to a different result. Plaintiffs reiterate that USCIS could have implemented additional or substitute procedural safeguards by finding that Ms. Nguyen abandoned, rather than withdrew, her I-130 petition. For the reasons discussed above, the Court finds no basis to conclude that USCIS should have treated Ms. Nguyen's withdrawal of her I-130 petition as an abandonment. Plaintiffs also suggest that they were denied due process because at the time they filed their amended complaint in this litigation, they had not received a copy of the audio-visual recording of the April 10, 2018 interview. *See, e.g.,* Dkt. No. 8 at ¶¶ 85-86. The docket indicates that plaintiffs were served with a copy of that recording in connection with the present summary judgment proceedings, and they have had ample opportunity to review it and present arguments about it. *See* Dkt. Nos. 16, 18. Moreover, Ms. Nguyen herself was present at the April 10, 2018 interview, and plaintiffs were not hindered in their efforts to retract the statements she made on that day, as demonstrated by the letters and documents they subsequently submitted to USCIS. Thus, plaintiffs' reliance on *Zerezghi v. U.S. Citizenship & Immigration Servs.*, 955 F.3d 802 (9th Cir. 2020), in which the agency relied on information that was not disclosed or identified to the plaintiffs at all, is misplaced. Noting that people have a general interest in moving on with their lives, plaintiffs say that while USCIS's decision was pending they had come to believe that the agency accepted Ms. Nguyen's retraction of her withdrawal. Plaintiffs have not, however, identified any prejudice they suffered as a result of anything that happened between April 2018 when the second interview, withdrawal and attempted

retraction occurred and April 2020 when USCIS issued its decision. Here, they rely primarily on *Niu v. United States*, 821 F. Supp. 2d 1164 (C.D. Cal. 2011) in which the court determined that USCIS abused its discretion in denying the plaintiff's I-485 application where the plaintiff "diligently pursued his immigration options and would have maintained lawful status throughout, but for the three years of delay by USCIS." *Id*. at 1169. Plaintiffs have pointed to no such facts here.[4] Nor have they presented evidence of options that might have been pursued, but which purportedly are no longer available to them, had USCIS acknowledged Ms. Nguyen's withdrawal earlier.[5] Defendants are entitled to summary judgment on this issue.

## IV.   CONCLUSION

Based on the foregoing, defendants' motion for summary judgment is granted. The Clerk shall enter judgment accordingly and close this file.

**IT IS SO ORDERED.**

Dated: March 22, 2021

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[4] Indeed, the record indicates that Mr. Vo's prior visa status expired in January 2017, a few months after he submitted his I-485 application. AR 450.

[5] For the first time at the motion hearing, plaintiffs' counsel vaguely referred to other options that plaintiffs might have pursued, including a process in which a beneficiary could return to a third country and have a petitioner file a petition on his behalf. No such argument was made in plaintiffs' papers, and plaintiffs' vague references to other unidentified procedures they may have pursued are insufficient to demonstrate any prejudice.

12